UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-1150

LEUTRIM TOPALLI,

      Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

      Defendant.
_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION WITH SUPPORTING MEMORANDUM OF LAW**

COMES NOW Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC (hereinafter "HRRG"), by and through its undersigned counsel, and files this Motion to Dismiss for Lack of Jurisdiction with Supporting Memorandum of Law pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Local Rule 3.01, and in support thereof states as follows:

### I. INTRODUCTION

Plaintiff, Leutrim Topalli (hereinafter "Plaintiff") filed this action alleging violations of the Federal Debt Collection Practices Act ("FDCPA") 15 U.S.C. Section 1692 and the Florida Consumer Collection Practices Act

1

("FCCPA") Section 559. Specifically, Plaintiff's Statement of Claim alleges that HRRG:

> "On or about September 9, 2020, Defendant caused to be sent a written communication to Plaintiff." **[DE 1-1 at ¶27]**.
>
> "As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff." **[DE 1-1 at ¶29]**.
>
> "Upon information and belief, Defendant did not generate, print and/or transmit Defendant's Collection Letter to Plaintiff. Instead, Defendant outsourced the generation, printing, and/or transmission of Defendant's Collection Letter to a third-party vendor (hereinafter "Vendor")." **[DE 1-1 at ¶30]**.
>
> "In connection with Defendant's above-described outsourcing, Defendant communicated to Vendor information regarding Plaintiff's alleged debt including, but not limited to, Plaintiff's name, address, status as an alleged debtor, alleged account balance, and/or alleged creditor." **[DE 1-1 at ¶31]**.

These types of allegations are often referred to as "Hunstein Cases." In Hunstein[1], Richard Hunstein alleged that a creditor sent information about his debt to a mail vendor, which then sent him a letter on behalf of the creditor reminding him of the terms of the debt. Though he identified no specific harm in his complaint, he [then] claim[ed] that the debt collector's act caused him a concrete injury because it was analogous to the common law tort of public disclosure. Id.

---

[1] *Richard Hunstein v. Preferred Collection and Management Services, Inc.*, No 19-14434, (11th Cir. 2022).

Plaintiff's Complaint Count-I – "Violation of the FDCPA" exclusively relies on the underlying Hunstein case and is rooted in the exact same factual scenario as which Richard Hunstein relied. The Complaint as plead does not account for the September 8, 2022, Eleventh Circuit full panel decision, and even if at the time of filing, the allegations were allegedly valid (which Defendant would disagree with), the law has since changed, making the allegations meritless.

On September 8, 2022, the 11th Circuit issued its opinion, finding that Hunstein did not have standing because he could not show any real harm and his Complaint was dismissed. *Id*. This holding confirmed the district court lacked jurisdiction to consider his (Hunstein's) claim. The ruling vacated the panel decision and remanded the case. As such, this Court should follow precedent and dismiss this case with prejudice because Plaintiff has not shown any real harm.

Plaintiff in this case has failed to satisfy the basic "injury-in-fact" requirement to satisfy Article III standing. For that reason, this Court lacks subject-matter jurisdiction over Plaintiff's claims against HRRG. On September 13, 2022, Defendant proposed to the Plaintiff she take one more opportunity to attempt to assert facts to support Article III standing in the Complaint and allow the Parties sixty (60) days to conduct limited discovery to determine any facts to support the allegations to warrant a claim under

FDCPA and/or FCCPA. Plaintiff chose not to move forward with Defendant's offer. As a result, Defendant is filing this Motion. Plaintiff has had more than sufficient time and opportunity to develop the facts to support her claim of damages allegedly caused by HRRG and remains unable to present any evidence that she suffered some concrete, particularized, actual harm, or imminent risk of harm caused by any action or inaction of HRRG.

The 11th Circuit's Opinion in Hunstein specifically addresses the allegations set forth in Plaintiff's Complaint and, in sum, concluded "bare procedural violation of a statute was not enough, at least on its own to establish concrete injury." *Id.* at pg. 2. The only allegation against Defendant in this case is the Hunstein type procedural violation.

With no evidence of any injury sustained or actual damages caused by Plaintiff, she lacks Article III standing. As a consequence, this Court lacks subject-matter jurisdiction over Plaintiff's case and should dismiss this action with prejudice.

**WHEREFORE,** Defendant, Healthcare Revenue Recovery Group, LLC respectfully requests that this Court grant its Motion and enter an order dismissing Plaintiff's claim against HRRG with prejudice.

## II.  MEMORANDUM OF LAW

### A. Standard of Review

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Article III of the Constitution of the United States vests federal courts with "[t]he judicial Power of the United States," but permits them to exercise their jurisdiction only over certain "Cases" and "Controversies." U.S. Const. Art. III.  The Supreme Court has consistently maintained that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Raines v. Byrd, 521 U.S. 811, 818 (1997); Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917, 924 (11th Cir. 2020) (That a case or controversy exists is a bedrock requirement, and courts cannot exercise judicial power without it).

For there to be a case or controversy under Article III, the plaintiff must have a "'personal stake'" in the case—in other words, standing. TransUnion v. Ramirez, 141 S. Ct. 2190, 2203 (2021), (*citing,* Raines v. Byrd, 521 U.S. 811, 819 (1997)).  "Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation." Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994).  Requiring a plaintiff to demonstrate a concrete and particularized injury caused by the defendant and redressable by

the court ensures that federal courts decide only "the rights of individuals," and that federal courts exercise "their proper function in a limited and separated government." Ramirez, 141 S. Ct. at 2203 (*citing,* Marbury v. Madison, 5 U.S. 137 (1803) and Roberts', Article III Limits on Statutory Standing, 42 Duke L. J. 1219, 1224 (1993)) (Under Article III, federal courts do not adjudicate hypothetical or abstract disputes). To meet the standing requirement of Article III, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief". Allen v. Wright, 468 U.S. 737, 751 (1984).

The Supreme Court has established that the "irreducible constitutional minimum of standing" contains three elements: first, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is both (a) "concrete and particularized" and (b) "actual or imminent, not 'conjectural' or 'hypothetical'"; second, a "causal connection" must exist between the injury and the conduct complained of – the injury has to be traceable to the challenged action of the defendant; and third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision". Lujan v. Defenders of Wildlife, 504 U. S, 555, 560-561 (1992) (the party invoking federal jurisdiction bears the burden of establishing the elements of standing). In sum, under Article III a federal court may resolve only "a real

6

controversy with real impact on real persons." <u>American Legion v. American Humanist Assn</u>., 139 S. Ct. 2067 (2019).

Rule 12(b) of the Federal Rules of Civil Procedure provides:

> "How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction.
> . . .
> <u>Fed. R. Civ. P. 12(b)(1).</u>

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously ensure that jurisdiction exists over a case and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." <u>Smith v. GTE Corp</u>., 236 F.3d 1292, 1299 (11th Cir. 2001). If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. <u>Fed. R. Civ. P. 12(h)(3)</u>.

**B. <u>Supporting Legal Authorities</u>**

Plaintiff cannot establish that they suffered an "injury-in-fact" and thus they have no standing to sue HRRG for the violations she is alleging, and she has not suffered actual damages. In recent years, the Supreme Court of the United States has issued opinions addressing Article III standing in the context of federal consumer protection statutes.

7

In 2016, the Supreme Court decided in <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) that to satisfy Article III standing in an FCRA context, a plaintiff must allege an injury-in-fact that is both concrete and particularized. In <u>TransUnion v Ramirez</u>, 141 S. Ct. 2190 (2021), the Supreme Court confirmed its long-standing doctrine that Article III standing requires a plaintiff to show a concrete, particularized, actual harm or an imminent risk of harm, that demonstrates the plaintiff's personal stake in the case. <u>Ramirez</u>, 141 S. Ct. at 2203 (*citing,* <u>Raines v. Byrd</u>, 521 U.S. 811, 819 (1997); *and citing,* <u>Lujan v Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992) (To establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief)). As stated by the Supreme Court: "To demonstrate their personal stake, plaintiffs must be able to sufficiently answer the question, '[w]hat's it to you?'". <u>TransUnion v. Ramirez</u>, 141 S. Ct. 2190, 2200, 210 L. Ed. 2d 568, 579 (2021) (*citing,* <u>Scalia, The Doctrine of Standing as an Essential Element of the Separation of Powers</u>, 17 Suffolk U.L. Rev. 881, 882 (1983)).

First, Plaintiffs must show they suffered **a concrete harm**. "No concrete harm, no standing". <u>Ramirez</u>, 141 S. Ct. at 2200. Of the three <u>Lujan</u> elements of standing, injury-in-fact is "foremost". <u>Spokeo</u>, 136 S. Ct. at 1547 (*quoting,* <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103 (1998)); <u>Trichell v</u>

Midland Credit Mgmt., 964 F. 3d 990, 996 (11th Cir. 2020). "To establish standing, an injury in fact must be concrete." Spokeo, 136 S. Ct. at 1548. And, "a "concrete" injury must be "de facto"; that is, it must actually exist,' as opposed to being hypothetical or speculative." Id.

The Supreme Court has recognized the distinction between tangible and intangible injuries in the context of determining concreteness and found that intangible injuries can be concrete for purposes of standing. Spokeo, 136. S. Ct. at 1549. Noting that Congress is "well positioned to identify intangible harms that meet minimum Article III requirements", the Supreme Court stated that Congress may "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." Spokeo, 136 S. Ct. at 1550 (*citing,* Lujan, 504 U. S. at 578).

Nevertheless, while the alleged violation of a statutory right (FDCPA) would fall into the category of intangible injury, "[c]ongress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Spokeo, 136 S. Ct. at 1549.

Therefore, although Plaintiff's claims violation of the FDCPA and FCCPA by HRRG that would fall into the "intangible harm" category, it does not automatically confer standing. Injury in fact is a constitutional

9

requirement, and "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Spokeo, 136 S. Ct. at 1547-1548 (*citing,* Raines, 521 U.S. at 820). The Eleventh Circuit has held that "[a]rticle III standing requires a concrete injury even in the context of a statutory violation." Salcedo v. Hanna, 936 F.3d 1162, 1167 (11th Cir. 2019) (*quoting,* Spokeo, 136 S. Ct. at 1549) (a plaintiff cannot allege a "bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."). Rather, the "requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." Summers v. Earth Island Inst., 555 U.S. 488, 497 (2009). Evidence in the record shows Plaintiff has failed to demonstrate a concrete injury.

Second, Plaintiff must show they suffered a **particularized** harm. "For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." Spokeo, 136 S. Ct. at 1548 (*quoting,* Lujan, 504 U.S. at 560, n. 1). Standing requires that the plaintiff "personally has suffered in some actual or threatened way". Spokeo, 136 S. Ct. at 1548 (*quoting,* Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982)). The Supreme Court has been "careful to emphasize that concreteness and particularization are separate requirements." Ramirez, 141 S. Ct. at 2207, n. 2 (*citing,* Spokeo, 578 U.S. at

339-340). "[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing"). Spokeo, 136 S. Ct. at 1549 (*citing,* Lujan, 504 U.S. at 572). With no evidence of any injury to them, Plaintiff has no personal stake in this case and no standing.

Third, Plaintiff must show an **actual** harm or an **imminent risk** of harm by HRRG's alleged violation of the FDCPA. As articulated by the 11th Circuit's in the most recent Hunstein opinion the disclosure of information lacks the fundamental element of publicity. And without publicity, there is no invasion of privacy—which means no harm, at least not one that is at all similar to that suffered after a public disclosure. Hunstein at pg. 16. Disclosing Plaintiff information to a vendor who then sends the information back to the Plaintiff thus does not cause actual harm or an imminent risk of it.

Plaintiff's operative Complaint asserts only that HRRG allegedly violated the FDCPA and the FCCPA, the Complaint's prayer for relief, requests actual damages **[*See generally* DE 1-1 at Pg. 9 &10]**, but the Hunstein opinion by the 11th Circuit followed the rulings that preceded it by holding: "bare procedural violation of a statute was not enough, at least in its own to establish concrete injury." Hunstein at pg. 2.

Plaintiff may argue that she plead her damages in her Complaint and point to the record at DE 1-1 at Pg. 8 ¶38 which states: "As a result of

Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs." However, Plaintiff cannot prove any of these alleged damages. Consequently, the record evidence shows she has no proof of an injury-in-fact and cannot satisfy the Article III standing requirement to proceed with this action against HRRG. There is no evidence that Plaintiff suffered and Injury-in-Fact or actual damages.

The Supreme Court has made it clear, however, that a "bare procedural violation" of a statute does not satisfy the foremost element of Article III standing without proof of a "concrete harm". Spokeo, 136 S. Ct. at 1549- 1550.

Ramirez is also instructive on the issue of alleged "material risk of future harm" where the Supreme Court discussed its recognition of this potential harm in Spokeo, the Supreme Court found that "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." Ramirez, 141 S. Ct. at 2210 (*citing,* Clapper v. Amnesty Int'l USA, 568 U.S. 398, 414 (2013)). The Supreme Court ultimately noted TransUnion's persuasive argument that the **"mere risk of future harm, standing alone, cannot qualify as a concrete harm."** Ramirez, 141 S. Ct. at 2211. (Emphasis added).

With no evidence of actual present actual harm and the 11th Circuit following the Supreme Court's holding in TransUnion Plaintiff fails to establish the foremost element of Article III standing (injury-in-fact) set forth by the Supreme Court in Lujan. It follows then that Plaintiff cannot establish the second or third element (causal connection to HRRG and redress by judicial relief).

## III. CONCLUSION

Based on the foregoing, Plaintiff has neither alleged nor demonstrated an injury-in-fact to confer Article III standing, and the Court should dismiss this action against ARS for lack of subject-matter jurisdiction.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Counsel for HRRG certifies that Samuel S. Reda, Esquire has conferred with Counsel for Plaintiff in a good faith effort to resolve the issues raised in this Motion and has been unable to do so.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **September 27, 2022,** via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic

Filing. Parties may also access this filing through the Court's CM/ECF System.

>*/s/ Ernest H. Kohlmyer, III*
>Ernest H. Kohlmyer, III
>Florida Bar No.: 110108
>Skohlmyer@shepardfirm.com
>service@shepardfirm.com
>Samuel S. Reda
>Florida Bar No: 0121650
>sreda@shepardfirm.com
>Shepard, Smith, Kohlmyer & Hand, P.A.
>2300 Maitland Center Parkway, Suite 100
>Maitland, Florida 32751
>Phone: (407) 622-1772
>Fax: (407) 622-1884
>*Attorneys for Defendant, Healthcare Revenue Recovery Group*